**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
JANJA SUPE,

                              Plaintiff,

        - against -

CANON USA, AMY RODRIGUEZ, SUPERVISOR,
ELAINE MCLAUGHLIN, SENIOR PAYROLL
MANAGER and VICKI EFROM, PAYROLL
MANAGER,

                             Defendants.
----------------------------------------------------------------X

**ORDER**

CV 11-3827 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Counsel for Plaintiff, Andrew Schatkin, Esq. has filed objections to the sanction award imposed upon him by this Court. After Attorney Schatkin failed to appear at the February 3, 2012 Discovery Status Conference and failed to comply with other discovery deadlines set by the Court, the Court issued an Order to Show Cause directing Attorney Schatkin to appear for a hearing on March 2, 2012 to show cause why the Court should not require him to pay the travel expenses of Defendants' counsel. DE 28.

      On March 2, 2012, the Court conducted a hearing and gave Attorney Schatkin an opportunity to explain his repeated failure to comply with this Court's Orders. After hearing from both sides, I held that the sanction of travel costs was appropriate and would be imposed upon Attorney Schatkin. DE 31. I instructed counsel for Defendants, Attorney Joseph Hammell, Esq. to submit documentation of his travel expenses in writing on ECF and further gave Attorney Schatkin the opportunity to file any opposition to the amount of expenses claimed within 10 days of receipt of the documentation. *Id.*

Attorney Hammell subsequently submitted documentation reflecting expenses of $1,272.66 for airfare, $187.27 for a hotel room, and $193.91 for a car rental, for total claimed expenses of $1,653.84. DE 30. Attorney Schatkin opposed the amount requested and requested that the Court reconsider its decision to award a sanction at all. DE 33. For the reasons that follow, the Court finds that the sanction imposed on Attorney Schatkin is appropriate. However, the Court declines to award the full amount requested by Defendants' counsel.

Federal Rule of Civil Procedure 16 provides that:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order. . . .
>
> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

In accordance with Rule 16, Courts frequently impose sanctions for an attorney's failure to appear for a scheduled conference. *See, e.g., Meyers v. New York Presbyterian Hosp. and South Beach Pyschiatric Hosp.*, No. 10-CV-3819, 2011 U.S. Dist. LEXIS 104722 (E.D.N.Y. July 21, 2011) (recommending that action be dismissed based on plaintiff's failure to appear at two Court-ordered conferences) (adopted on September 7, 2011); *Mordechai v. St. Luke's-Roosevelt Hospital Center*, No. 99-CV-3000, 2001 U.S. Dist. LEXIS 8202, at *6 (S.D.N.Y. June 20, 2001) (ordering plaintiff

to pay $300 to opposing counsel and $250 to the Clerk of the Court for failing to attend a settlement conference); *Sosinsky v. Chase Manhattan Bank*, No. 99-CV-43, 1999 U.S. Dist. LEXIS 13288 (S.D.N.Y. Aug. 31, 1999) (imposing a monetary sanction on both parties and counsel for failure to appear at a settlement conference).

Attorney Schatkin raised several arguments against the imposition of sanctions. Initially, he states that he was unable to attend the conference due to "unforseen circumstances," i.e., his inability to locate his car on the morning of the conference. DE 33. He also notes, however, that he did not have the conference properly calendared. *Id*. These were the same explanations Attorney Schatkin offered the Court prior to the Order to Show Case Hearing, *see* DE 29, and were already considered by the Court at the Hearing. The Court would obviously take into consideration an attorney's inability to locate his car, assuming that such circumstances were due to factors outside of the attorney's control[1] and the attorney promptly notified the Court of his inability to be present. However, Attorney Schatkin made no attempt to contact the Court on February 3, 2012 prior to the starting time of the conference. Moreover, such a proffer seems somewhat superfluous in the context of Mr. Schatkin's additional statement that he did not have the conference on his calendar for that day. The Court points out that Attorney Schatkin was notified of the status conference during the Initial Conference in this case. The date was also set forth in two separate Orders issued by the Court, both of which Attorney Schatkin received via ECF. *See* DE 14, 15. In addition, counsel for the Defendants filed the discovery status report as required on January 31, 2012, three days prior to the conference, which stated that the document was being filed "in advance of the February 3, 2012,

---

[1] The Court notes Attorney Schatkin's candid admission that he was unable to locate his car as it "had been towed for two or three unpaid traffic tickets." DE 29.

Status Conference." DE 26. Given the multiple notifications Attorney Schatkin received concerning the status conference, he has not demonstrated good cause for his failure to appear. Moreover, counsel's letter does not address the other basis of the sanction award – his failure to comply with the Court's prior orders regarding discovery (i.e., his failure to serve discovery requests by the Court's deadline and failure to serve HIPAA authorizations as directed by the Court).[2] Attorney Schatkin has not provided the Court with any new factual information which would warrant a different determination of the sanction issue.

Attorney Schatkin next implies that Attorney Hammell engaged in some sort of impropriety based upon the actual documentation of expenses submitted, since his firm likely "shoulders these expenses" rather than Attorney Hammell directly. Similar statements were made by Attorney Schatkin in a letter motion on an unrelated issue. DE 37 at 1. The Court will not address these meritless accusations other than to state, as was explained to Attorney Schatkin at the April 30, 2012 Conference, that the Court was well aware that Attorney Hammell was not personally out-of-pocket for these expenses but that his firm incurred these unnecessary expenses on behalf of their clients. As set forth in the Court's May 1, 2012 Order, further innuendo or unfounded accusations of such nature will not be tolerated. *See* DE 40.

Attorney Schatkin also argues that a Court must first find prejudice to the opposing party before imposing a sanction and further mentions that Defendants have suffered no prejudice here.

---

[2] At the Order to Show Cause Hearing "Attorney Schatkin initially stated that there was 'no particular reason' for his late service [of discovery requests], but then added that he was probably very busy and alluded to certain family medical issues. I inquired of Attorney Schatkin that even if his family medical circumstances caused some delay, why did he not, at a minimum, contact the Court and request an extension instead of ignoring the deadline. Counsel had no real answer." DE 31 at 2.

To the contrary, the Court finds that the prejudice readily apparent in that the Defendants lost time and money associated with preparing for and traveling to the February 3, 2012 conference that was canceled due to Attorney Schatkin's non-appearance. Likewise, Attorney Schatkin was well aware that the firm handling this matter as lead counsel is located in Minneapolis, Minnesota, and that counsel had previously traveled from Minneapolis to appear at the Initial Conference. Defendants have also been prejudiced by Attorney Schatkin's failure to comply with Court-ordered discovery deadlines in that he has impeded Defendants' ability to move this case forward in a timely manner with the information necessary to advance its defenses.

The final argument Attorney Schatkin asserts is that the Court improperly imposed a sanction without giving him notice. Counsel relies upon cases stating that a hearing must be held prior to the imposition of sanctions. Without getting into the applicability of the cases cited by counsel, the Court points out to Attorney Schatkin that he was given notice prior to the imposition of sanctions. Specifically, on February 10, 2012, the Court entered an Order scheduling the show cause hearing for March 2, 2012 at which Attorney Schatkin was directed to appear and

> show cause why the Court should not impose a sanction in the form of costs to reimburse defendants' counsel for his travel expenses in having to return to the Court on March 2 in light of the failure of plaintiff's counsel to appear today, to comply with the previous Orders of this Court regarding scheduled conferences as well as other directives of the Court.

DE 28. The Hearing was held as scheduled on March 2, 2012 and Attorney Schatkin was given the opportunity to demonstrate why sanctions were inappropriate. DE 31. For the reasons discussed above, the Court did not find the reasons proffered reasonable or acceptable and therefore ruled that sanctions were appropriate. *Id*.

After reviewing Attorney Schatkin's objections, the Court concludes that an award of sanctions is appropriate under Rule 16 and the applicable case law and is therefore imposed on Attorney Schatkin personally, not on his client. The Court, however, in its discretion, is limiting the sanction to the actual air fare costs incurred by Defendants' counsel. Having looked into the cost of flights from Minneapolis-St. Paul International Airport to LaGuardia Airport in New York in the relevant time frame, the Court finds that the air fare of $1,272.66 incurred by Defendants' counsel is in line with the fares being charged by Delta for similar flights. Therefore, Attorney Schatkin is directed to reimburse Defendants' counsel in the sum of $1,272.66. That payment is to be made to Defendants' counsel within 30 days of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
       May 24, 2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge